IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANTEE SIOUX NATION,<br><br>    Plaintiff,<br><br>    v.<br><br>P. BENJAMIN SMITH, in his official capacity as Acting Director of the Indian Health Service, *et al.*,<br><br>    Defendants. | No. 8:23-cv-530<br><br>**AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

    With the agreement of the parties by the submission of an Amended Joint Motion for Entry of Protective Order (Filing No. 71), the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

A. <u>Definitions</u>

    1.    "Action" shall mean the case *Santee Sioux Nation v. P. Benjamin Smith*, *et al.*, No. 8:23-cv-00530-BCB-MDN (D. Neb.).

    2.    "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: is not in the public domain, or if in the public domain, is improperly in the public domain; and (a) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (b) is confidential commercial and/or proprietary information under federal law and/or regulations; (c) is personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; or (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a, or the Trade Secrets Act (or "act of 1948"), 18 U.S.C. § 1905.

  3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

  4. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

  5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

  6. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

  7. "Producing Party" shall mean the person or party producing in discovery in the Action.

  8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. <u>Purpose, Scope, and Limitations of Protective Order</u>

  1. This Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective attorneys, agents, successors, personal representatives, and assignees.

  2. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

  3. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible as evidence at trial.

  4. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a

Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) that is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5. This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

6. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

7. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the unredacted pleading or Document under restricted access.

8. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

9. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. <u>Method for Designating Confidential Information</u>

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(2) of this Protective Order.

3. Documents produced in discovery in this Action shall be designated as containing "Confidential Information." For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential Subject to Protective Order" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential Subject to Protective Order,"[1] any accompanying image file shall be endorsed with "Confidential Subject to Protective Order," or notice should otherwise be provided to the Receiving Party at the time of production that identifies the document as confidential and subject to the Protective Order. The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Santee Sioux Nation v. Smith, Information may be Confidential Subject to Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is CONFIDENTIAL Subject to Protective Order."

5. For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Contains CONFIDENTIAL information subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled: "Contains CONFIDENTIAL information subject to Protective Order."

   6. For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential Subject to Protective Order." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

   7. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

   8. Any media, electronically stored information, written notes, dictation tapes, or work product of any kind that contain references to or portions of the contents of documents designed as containing Confidential Information shall bear the Confidential Information endorsement and shall be subject to the same requirements of this Order as copies or images of the Confidential Information.

D. <u>Challenging Confidential Designations</u>

   1. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

   2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a)

written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within fourteen (14) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Receiving Party within twenty-one (21) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties, unless the Receiving Party identified more than 100 pages. If the Challenging Party identified 100 pages or more, the Parties, acting in good faith, shall agree on a reasonable time for the Designating Party to advise the Challenging Party of its decision.

4. If the Designating Party decides to withdraw its designation, it shall give notice of this change to the other Party.

5. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

6. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

7. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be twenty-one (21) days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

E.  <u>Disclosure, Use and Handling of Confidential Information</u>

      1.      A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

      2.      Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

      3.      Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

          a.      Counsel for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

          b.      Current employees (including Defendants' agency counsel) of the Parties who are assisting with respect to this Action;

          c.      Any person with prior authorized access to the Confidential Information;

          d.      Current employees of the Producing Party;

          e.      Witnesses, potential witnesses, and deponents, including their counsel;

          f.      Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

          g.      Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

          h.      Retained expert witnesses and consultants;

          i.      Mediators or arbitrators; and

          j.      This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

      4.      Disclosure to the persons referenced in subsections (E)(3)(b)-(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this

Protective Order and has signed a declaration in the form attached hereto as "Exhibit A." The Parties' counsel of record shall maintain the executed declarations in their respective files and in accordance with the requirements of this Order.

5. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under restricted access or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available. No Party shall file with the Court at any time any motion, application, memorandum or brief, or any other pleading or document that quotes from or paraphrases Confidential Information or that contains information obtained solely from Confidential Information, unless the confidential portion of any such motion, application, memorandum or brief, pleading or other document has been filed under restricted access with the Clerk of Court.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. If the need arises for any Party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving fourteen (14) days' notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F. <u>Inadvertent Production of Confidential Information</u>

      1.      Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information that was not appropriately designated in accordance with Section C, above.

      2.      If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G.  <u>Disposition of Documents Containing Confidential Information</u>

      1.      Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take

reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

      a.    For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

      b.    Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

      c.    In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

H. <u>Authorization to Produce Documents and Information Covered by Privacy Act and the Trade Secrets Act</u>

1.    Defendants are authorized, but not required, to produce documents and information covered by the Privacy Act that are relevant to the subject matter involved in the pending action as set forth in this Protective Order without obtaining the prior written consent of the applicable individuals.

2.    Upon the entry of this Protective Order under the authority of the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Privacy Act, 5 U.S.C. § 552a(b)(11),

the production of documents and information in this case will be pursuant to an order from a court of competent jurisdiction as those terms are defined under the Privacy Act.

3. Defendants reserve the right to make "reasonable efforts," as set forth in the Privacy Act, 5 U.S.C. § 552a(e)(8), to serve notice on any individuals whom Defendants believe will be affected by the disclosure of documents or information because the individuals' personally identifiable information is contained therein. Defendants do not waive this right by marking documents or information "Confidential Subject to Protective Order" or producing them in redacted form. Nothing in this Protective Order, however, should be construed as requiring Defendants to serve notice on the individuals.

4. Upon the entry of this Protective Order under the authority of the court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants are authorized, but not required, to produce documents and information covered by the Trade Secrets Act (or "act of 1948"), 18 U.S.C. § 1905.

IT IS SO ORDERED.

Dated this 16th day of December, 2025

BY THE COURT:

_____
MICHAEL D. NELSON
United States Magistrate Judge